# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Paul Gugger,                  | Case No.: 17-cv-1518-AJB-AGS |
|---|---|
|                     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. Nos. 36, 39.)** |
| v.                            | |
| USAA Federal Savings Bank,    | |
|                     Defendant. | |

Before the Court is an unsettled issue in the Ninth Circuit. While the parties spent the majority of the briefing arguing whether Form 1099-C cancels a debt, this case is actually very simple at its core. It turns on the Fair Credit Reporting Act's fourth element: whether the furnisher discovered inaccurate reported information during the course of an investigation. USAA submitted a declaration stating Gugger owed the debt and that it has a lien on his property. Gugger failed to submit any evidence proving otherwise. Thus, the Court **GRANTS** USAA's summary judgment motion. (Doc. Nos. 36, 39.)

## I. BACKGROUND

Gugger filed his complaint, alleging USAA violated the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681, and the California Consumer Credit Reporting Agencies Act, ("CCRAA"), Cal. Civ. Code § 1785.25(f). The Court sua sponte dismissed the CCRAA claim, but allowed the FCRA claim to continue. (Doc. No. 26.) USAA issued Gugger a Form 1099-C with code "G" marked. (Doc. No. 1-3 at 4.) According to Gugger, the form—

1

along with code "G" being checked—legally released him from any further obligation to pay the debt. (*Id*.) USAA then filed the Form 1099-C with the IRS, obligating Gugger to pay taxes on the debt—which he thought was discharged. When Gugger received his consumer credit report, he discovered the debt was still being reported. (*Id.* at 2.) Gugger then sent a written dispute to Trans Union regarding the inaccurate debt. (*Id.* at 4.) Trans Union forwarded the dispute to USAA, but the debt was not removed. (*Id*.) Gugger then sent a second written dispute to Trans Union. (*Id*.) Again, Trans Union forwarded the dispute to USAA, but the debt remained. (*Id*.) Instead, both Trans Union and USAA verified the disputed information as accurate. (*Id.* at 5.) Gugger claims this violated the Fair Credit Reporting Act.

## II.     LEGAL STANDARDS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.* A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. If the moving party carries its initial burden, the burden of production shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Id.* at 330. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

## III. DISCUSSION

At the crux of USAA's argument is its contention that not only was there never any intent to discharge Gugger's debt, it was actually never discharged. (Doc. No. 39.) Thus, USAA argues Gugger failed to prove the elements of an FRCA violation. (*Id.*) Gugger responds by primarily arguing that no discovery was done, and thus the summary judgment motion should be denied to allow discovery to take place. (Doc. No. 40.) He also contends he made a prima facie case under the FCRA. (*Id.* at 7.)

**A. Gugger's Argument for Discovery**

Twice Gugger argues, in his opposition, that the summary judgment motion should be dismissed, as Gugger does not have the benefit of discovery. USAA notes that Gugger waived the right to discovery by agreeing to stay discovery pending the resolution of the MSJ. (Doc. No. 43 at 6.) USAA argues, "Gugger cannot now decide to argue that the Motion should be denied on the grounds that he has not had the opportunity for discovery." (*Id.*) Indeed.

First, in distinguishing case law favorable to defendants, Gugger argues "[b]ut, most of these cases are decided on summary judgment and AFTER the parties have had the benefit of discovery . . . [t]his case has NOT had the benefit of discovery." (Doc. No. 40 at 7.) On the next page, Gugger complains that "[p]erhaps predictably, the Defendant now dumps quite a bit of new information, documents, declaration, and discovery into their Motion with no opportunity for the Plaintiff's objections or cross. This alone suggests this Motion for Summary Judgment should be dismissed to give the parties the benefit of discovery." (*Id.* at 8.)

However, during a case management conference with Judge Schopler, the parties proposed a stay of discovery until this summary judgment motion was adjudicated. (Case Management Conference at 1:01–16, *Gugger v. USAA Federal Savings Bank*, 17-cv-1518-AJB-AGS, Doc. No. 33.) Judge Schopler specifically asked plaintiff's attorney, "[i]s that something the plaintiffs would join in Mr. Charity?" (*Id.* at 1:25–29.) To which he replied, "yeah, it's fine . . . we're fine with that." (*Id.* at 1:30–34.)

3

It appears Gugger is talking out of both sides of his mouth. He cannot agree to stay discovery—allowing USAA to file this motion—only to turn around and use that as a basis to deny it. Case law cited by USAA is more generous than the Court needs to be. In those cases, the Ninth Circuit held the District Court did not err ruling on a summary judgment motion when plaintiff failed to request a continuance for additional discovery. (Doc. No. 41 at 6 (citing *THI-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 993–94 (9th Cir. 1980); *British Airways Bd. V. Boeing Co.*, 585 F.2d 946, 954–55 (9th Cir. 1978)).) However, here, Gugger did not only fail to request a continuance, he proactively agreed to a discovery stay. If Gugger surely needed discovery, there is a specific rule in federal procedure that applies to a factual scenario in which a plaintiff opposing a summary judgment cannot provide facts. Federal Rule of Civil Procedure 56(d) states that if a party submits, by "affidavit or declaration," that it "cannot present facts essential to justify its opposition," the Court may stay the motion until such facts can be obtained. Gugger filed nothing of the sort. To boot, at oral argument the Court asked Gugger's attorney why he agreed to a stay if he needed discovery. Gugger's attorney responded that it was his view that defendant needed discovery more than plaintiff did. (Motion for Summary Judgment Hearing, Mar. 20, 2018, unofficial transcript, at 4.)

The Court finds it surprising Gugger would agree to forego discovery in light of his arguments made in opposition to USAA's dismissal motion, case precedence, and this Court's order denying the motion to dismiss. In that order, this Court stated, "[h]ere, Gugger asserts his claims on the pleadings without the opportunity to conduct discovery, which favors denying USAA's motion to dismiss." (Doc. No. 26 at 5.) Moreover, the Court distinguished USAA's champion case, *F.D.I.C. v. Cashion*, noting "the Court is unable to rely on *Cashion*, as this case is not before the court on a motion for summary judgment, but on a motion to dismiss." (*Id.* at 6; 720 F.3d 169, 170 (4th Cir. 2013).) This Court also adduced it was possible that circumstantial evidence, as well as a Form 1099-C, could show the debt was actually cancelled; concluding "[t]hus, it is possible that Gugger can <u>discover evidence</u> indicating his debt was actually cancelled." (*Id.* (summarizing *Cashion*'s

4

analysis) (emphasis added).) Yet, again, Gugger failed to request discovery, or a Rule 56(d) stay. Thus the Court declines denying summary judgment for this reason. Furthermore, even if the Court entertained permitting staying summary judgment until post-discovery, it would be futile based on the Court's holding below.

**B. The FRCA**

There is no doubt that Form 1099-C is riddled with confusion to any average consumer. From the notice's bold faced "**Cancellation of Debt**," to Code G's "[d]ecision or policy to discontinue collection,"[1] it is feasible a consumer would celebrate upon receipt of this Form, thinking their debt was discharged, and along with it, the obligation to pay. However, how a consumer would interpret Form 1099-C is not an issue before this Court. Rather, whether or not the debt was *actually* discharged is. Because if the debt was never actually discharged, then there could be no inaccurate reporting under the FCRA. The short answer to this question is found in one line on the bottom of the third page of USAA's Senior Vendor Relationship Manager's declaration. (Doc. No. 36-4 at 3.) Mr. Fletcher states "USAA FSB still considers Paul Gugger's debt outstanding and owed and USAA FSB maintains a lien interest on the property . . . ." (*Id.*)

Under the FCRA section 1681s-2(b), after receiving notice of a dispute regarding the accuracy of information provided to a consumer reporting agency, a furnisher must: (1) conduct an investigation, (2) review relevant information provided by the consumer, (3) report the results to the consumer reporting agency, (4) if the investigation determines the information is incomplete or inaccurate, it must report such information to other consumer reporting agencies, and (5) if information is found to be inaccurate, it must promptly modify the information, delete it, or permanently block the reporting of that item. 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

---

[1] IRS, *Publication 4681 (2016), Canceled Debts, Foreclosures, Repossessions, and Abandonments* (last updated September 11, 2017), www.irs.gov/publications/p4681.

5

The parties do not dispute the first three elements are met. The crux of the disagreement between the parties is Gugger's belief that Form 1099-C cancelled his debt, leading to the inaccurate reporting on his consumer credit report, and USAA's belief that it did not. As to that point, as discussed previously, USAA attached a declaration evidencing that the Form did not cancel, in the colloquial sense of the term—the way Gugger interprets the word—his debt. After conducting an investigation, (*See* Doc. Nos. 36-5–36-9), USAA submitted a declaration stating that USAA did not intend to, nor indeed did, "cancel, forgive, abandon, or discharge" Gugger's debt—and it still maintains a lien on Gugger's property. (Doc. No. 36-4 at 3.)

When the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. Because USAA does not bear the burden of proving this claim at trial, on summary judgment, it, as the moving party, can meet its burden by presenting evidence negating an essential element—which it did. *See Celotex Corp.*, 477 U.S. at 323–24.

"[T]he burden then shifts to the opposing party to establish that a genuine issue of material fact exists." *Corral v. HomeEQ Servicing Corp.*, No. 2:10-cv-00465-GMN-RJJ, 2011 WL 5921430, at *2 (D. Nev. Nov. 28, 2011.) Here, Gugger maintains that the fact the Form was issued at all is itself a prima facie case of debt cancellation. (Doc. No. 40 at 6–7.) However, Gugger cannot avoid summary judgment by relying solely on the conclusory allegations found in his complaint. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Gugger must go beyond the pleadings, setting forth specific facts through competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. But here, Gugger attaches no evidence to his response; not even a declaration. This falls woefully short of even the most generous of Rule 56 interpretations.

At the hearing, Gugger's counsel offered to provide the Court with some evidence: (1) Gugger's February 13, 2017 letter to Trans Union disputing the balance owed; (2) a copy of Gugger's credit report; (3) a copy of his Form 1099-C; and (4) a copy of Trans Union's investigation. (Motion for Summary Judgment Hearing, Mar. 20, 2018, unofficial transcript, at 5.) The Court read the documents, described them for the record, and determined that even if the Court took notice of the evidence, it does not tip the scale in Gugger's favor. Gugger's letters disputing the debt reporting does not offer proof that the debt was cancelled, but is merely his own interpretation of the Form.

Instead, the appropriate inquiry under the FCRA test boils down to <u>was the information reported accurate</u>? And, according to USAA's evidence, it was because USAA still considered Gugger as owing these debts. Because the information as reported was found to be accurate, USAA had no duty to modify the information or remove it from Gugger's consumer credit report. Thus, it did not violate the FCRA by failing to do so. The Court, then, finds no need to analyze the merits of whether Form 1099-C *actually* discharges a debt, how Code G affects that inquiry, or whether the IRS Letters should be given an appropriate amount of deference in this case.

## IV. CONCLUSION

USAA produced evidence documenting that the FCRA's fourth element—whether the investigation turns up inaccurate or incomplete data—cannot be proven. Gugger's debt was never cancelled regardless of Form 1099-C's language. Gugger, after the Rule 56 burden shifted to him, failed to produce any evidence showing a genuine issue of material

//
//
//
//
//
//

7

17-cv-1518-AJB-AGS

fact exists. Thus, the Court **GRANTS** USAA's motion for summary judgment. (Doc. Nos. 36, 39.) As the Court already dismissed Gugger's second cause of action, there are no more claims pending in this case. The Court **ORDERS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: April 3, 2018

Hon. Anthony J. Battaglia
United States District Judge